UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20306-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JHONATHAN ALFONSO,

    Defendant.
    _____/

## OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

Jhonathan Alfonso objects to the following in the Pre-sentence Investigation report ("PSI").

**Paragraph 34**

Mr. Alfonso objects to the 2-level enhancement in paragraph 34 for possessing a dangerous weapon. There is insufficient evidence to show by a preponderance that Mr. Alfonso possessed a dangerous weapon in this case. It is the government's burden to prove by a preponderance of the evidence the bases of a guideline enhancement. Here, however, as per paragraph 10(b) of the plea agreement, the government agrees that it will not seek this enhancement at sentencing. Accordingly, per the agreed-upon facts as stated in the factual proffer (DE 62) and the plea agreement (DE 61), Mr. Alfonso should not receive this 2-level enhancement.

**Paragraph 32 and Safety Valve Reduction**

Mr. Alfonso objects to the statement in paragraph 32 that he does not qualify for Safety Valve. He also objects to not receiving a 2-level reduction for qualifying for Safety Valve, pursuant to § 2D1.1(b)(18).

The PSI states Mr. Alfonso does not qualify because he possessed a firearm in connection with the offense. However, the facts do not establish that Mr. Alfonso possessed a firearm in connection with the offense. The facts agreed to by the parties in the factual proffer, show Mr. Alfonso did not possess a firearm in connection with the offense. Further, as per paragraph 8 of the plea agreement, the government agrees not to oppose Mr. Alfonso qualifying for Safety Valve on the ground he possessed a firearm in connection with the offense. The parties further agree that Mr. Alfonso meets all the other requirements for Safety Valve. DE 61 ¶ 8. Therefore, Mr. Alfonso qualifies for Safety Valve, can be sentenced without regard to any statutory minimum, and should receive a 2-level reduction under § 2D1.1(b)(18).

**Paragraphs 15-27: Post-arrest statements**

Mr. Alfonso objects to the inclusion of the facts in paragraphs 15–27, which include his and the co-defendants' post-arrest statements. Initially, these facts were not agreed to in the factual proffer and are unproven. Further, any statements Mr. Alfonso made were acquired in violation of Fed. R. Crim. P. 5(a) and the Fifth Amendment to the U.S. Constitution, and thus should not be considered by this Court at sentencing. There was an 11-day delay between Mr. Alfonso's arrest on

May 1, 2021, and the government bringing him before a magistrate on May 12, 2021. It was after that 11-day delay, on the morning of May 12, 2021, before presentment before a magistrate, that law enforcement interrogated Mr. Alfonso. In other words, it was only after being chained to the deck of a ship for 11 days without a lawyer or being presented to a judge that Mr. Alfonso made any statements. In its order denying Mr. Alfonso's Motion to Dismiss the Indictment in part based on this delay, this Court found that the 11-day delay was unnecessary. DE 47:11. Although this Court found that the appropriate remedy was not dismissal of the indictment (DE 47:11), the Court pointed out that "the remedy for a Rule 5(a) violation is suppression of evidence obtained during the delay. . . ." *Id.* (citing *United States v. Marin*, No. 8:19-cr-488, 2020 WL 7364601, at *13 (M.D. Fla. Apr. 24, 2020).[1] Because any statements by Mr. Alfonso were obtained in violation of Rule 5 and the Fifth Amendment, this Court should not consider them at sentencing. *See Mitchell v. United States*, 526 U.S. 314, 315 (1999) (holding the Fifth Amendment protections applied at sentencing). With respect to the co-defendants' statements, Mr. Alfonso has no knowledge as to the accuracy of the summaries included and as a result objects to their inclusion in his PSI. Given this is a factual objection, should

---

[1] Mr. Alfonso initially filed a Motion to Suppress statements (DE 24), but withdrew it based on the parties' agreement outlined in the plea agreement that the government would not seek any enhancements and would not oppose application of the Safety Valve statute based on an argument that Mr. Alfonso possessed a firearm in connection with the offense. *See* DE 39.

the Court sustain the guidelines objections, Mr. Alfonso will withdraw this objection.

For the above reasons, and any others argued at sentencing, Mr. Alfonso moves this Court to sustain these objections.

        Respectfully submitted,

        **MICHAEL CARUSO**
        **FEDERAL PUBLIC DEFENDER**

    By:    */s/Julie Holt*
        Assistant Federal Public Defender
        Florida Bar No.: 95997
        150 W Flagler Street, Suite 1700
        Miami, Florida 33130
        Tel: 305-530-7000
        julie_holt@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **January 11, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Julie Holt*
        Julie Holt